UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 JUN -2 A 11: 26

U.S. DISTRICT COURT
DISTRICT OF MASS

Oak hee Ruesch
  Plaintiff

vs.

James A. Goodhue
Joseph Gray
  Defendants

If Court recieves apology from Albert L. Sheffer, M.D.

"I am sorry, please I will never ever attemp such disgraceful actions against very environmentally handicap person", then automatically withdrawn the case by plaintiff

## MOTION TO SUBMIT DOCUMENT

Plaintiff Oak hee Ruesch submit the document to make comparison with 12/06/02 by justice Lynda M. Connolly Dedham District Court.

Docket No: 0254SU0583 judgement of 12/06/02.

Docket No: 02CVSU0583 judgement of 03/19/03.

How nervous justice could order such judgement to fabricate handicap person's rights to cover up James A. Goodhue's illegal activity to evict plaintiff and the distortions of first justice Jerald Alch's order to over rule against justice of the Massachusetts and United States.

Oak hee Ruesch
Oak hee Ruesch
315 Weston Rd #A3
Wellesley, MA 02482
(781) 237-5231

03/19/03  13:12 FAX 7813208579          JUDGES LOBBY           0254540583           ☒002

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss
                                   DISTRICT COURT DEPT.
                                   OF THE TRIAL COURT
                                   DEDHAM DIVISION
                                   DOCKET NO: 02CVSU0583


| WELLESLEY HOUSING ) | MEMORANDUM ON PLAINTIFF'S |
| AUTHORITY ) | MOTION FOR PRODUCTION OF |
| VS. ) | PSYCHIATRIC EVALUATION |
| OAK-HEE REUSCH ) | |
| ) | |

## BACKGROUND

The defendant, Oak-Hee Ruesch, is the subject of an ongoing Summary Process action commenced by the Wellesley Housing Authority on May 28, 2002 for non-payment of rent. On July 18, 2002, after a jury-waived trial the court, Alch, J. presiding, ordered Judgment for the plaintiff Housing Authority for Possession and for Rent in the amount of $1,532.95 plus court costs in the amount of $131, and stayed execution until October 31, 2002.

On October 30, 2002, the defendant Ms. Reusch applied ex parte for a stay of execution. The court, Connolly, J. presiding, ordered that the plaintiff be given notice of the motion and scheduled the matter for hearing on October 31, 2002, at 10:00 a.m. At that hearing the court had serious questions regarding the competency of Ms. Reusch, appointed counsel from the South Middlesex Legal Services and ordered an out-patient evaluation of Ms. Reusch's competency pursuant to G.L. c. 123, Section 19. Further, the court stayed the Motion for a Stay of Execution pending the results of the competency evaluation.

On December 6, 2002, Judge Connolly reviewed the report of Frederick W. Kelso, PhD, the designated forensic psychologist, which report was reviewed by Ms. Reusch's attorney. After review of the report and with her attorney's assent, the court released pages 22 - 44 of the report to the Plaintiff's counsel. The court issued written Findings, including a finding that the defendant Ms. Reusch was not at that time competent. Further, the court appointed a Guardian ad Litem pursuant to G.L. c. 201, Section 34, ordered that the defendant pay use and occupation of $118.00 per month to the Wellesley Housing Authority and that a representative payee be obtained to handle Ms. Reusch's Social Security Disability payments and the matter of arrearages due to the Housing Authority.

The matter was scheduled for status hearing on February 14, 2003, but was continued by agreement of the parties to March 6, 2003. At that time the Plaintiff filed a Motion for

-1-

Production of Psychiatric Evaluation and Orders regarding the G.A.L. seeking the full 44 pages of Dr. Kelso's report. After a hearing on the matter I again reviewed the full report. At this time, there being no indication that the Wellesley Housing Authority is seeking to contest the court's finding that the defendant, Ms. Reusch, is not competent for purposes of a hearing on her Motion for a Stay of Execution, the Plaintiff's Motion is Denied. See M. G. L. c. 123, SS. 19 and 36. This ruling is without prejudice to the Housing Authority to renew its motion in the event that it decides to contest the court's finding of lack of competence to proceed with the Motion for a Stay of Execution.

At this time the matter remains a pending Motion for a Stay of Execution of the Judgment for Possession issued by Judge Alch on July 18, 2002. The parties agree that a representative payee has been named, that use and occupation is to be paid at a rate of $118.00 per month beginning March, 2003, and that arrearages stand in the amount of $2200.00 as of March 6, 2003. The matter of payment of the arrearages will be addressed at the status hearing scheduled for April 10, 2003, at 9:00 a.m. in the Dedham District Court. As agreed at the hearing on March 6, 2003, if the parties wish to be heard prior to that date they can reach me via telephone conference call at the Brighton District Court at 617-782-6521, ext. 175 or can schedule a mutually agreed upon time for a hearing in Dedham by contacting the Judges' Lobby in Dedham at 781-329-4777, ext. 349.

By the court,

Lynda M. Connolly
Justice of the District Court
March 19, 2003