UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

FILED OFFICE

2004 JUN 16 P 12: 11

U.S. DISTRICT COURT
DISTRICT OF MASS.

Oak hee Ruesch
    Plaintiff

VS.

James A. Goodhue
Joseph Gray
    Defendants

## Submit Documents (additional)

Plaintiff Oak hee Ruesch wish to submit documents to convince this highest court to justify District Courts discrimination against hand. Cape person who suffer greatly and it is violations of Federal Fair Housing Act [24 C.F.R. 100 — ?] and U.S. 813 civil rights.

CASE NO: 0254 SU 0583. July 18, 2002. Hearing by first justice Jerald Alch was denied [for] James A. Goodhue's illegal entry to court about plaintiffs residency in Wellesley Housing Authority property. 315 Weston Rd #A3 Wellesley, MA 02482.

I waited long time to hear the truth, but more retaliations to my financial needs.

(1) So, I made complaint to ADA coordinator Roger C. E. Albrecht denied to gain my SSDI and SSI back. Exibit 1

(2) Letter from Chief Justice Samuel E. Zoll. Exibit 2

(3) Letter from Regional Administrative Justice Robert A. Cornetta, dated September 29, 2003 that my interests and rights were represented by the court appointed guardian as well as by assigned legal counsel and denied to have fair hearing in such matter

1

THE COMMONWEALTH OF MASSACHUSETTS
ADMINISTRATIVE OFFICE OF THE TRIAL COURT
Two Center Plaza
Boston, Massachusetts 02108

Tel: (617) 742-8383
Fax: (617) 227-9738

June 8, 2004

Ms. Oak-Hee Ruesch
315 Weston Avenue #A3
Wellesley, MA   02482

Dear Ms. Ruesch:

    I have reviewed the materials you left on May 25, 2004 alleging discrimination under the Americans with Disabilities Act, and, again find no grounds for action by any Administrative Offices of the Trial Court.

    You should continue dealing with your Guardian Ad Litem on all matters relating to the Wellesley Housing Board.

Sincerely,

Roger C.E. Albrecht
Benefits Manager

RCEA/lm

Exhibit 1

## Trial Court of the Commonwealth
## District Court Department

Administrative Office
Two Center Plaza (Suite 200)
Boston, MA 02108-1906

Samuel E. Zoll
Chief Justice

Telephone
617-788-8810

FAX
617-788-8985

TTY
617-788-8809

September 22, 2003

Ms. Oak Hee Ruesch
515 Weston Road #A3
Wellesley, MA 02482

Dear Ms. Ruesch:

    I write to acknowledge receipt of your letter which you delivered to this office on September 18, 2003. In accordance with the policy of this office, I am forwarding your correspondence to Regional Administrative Judge Robert A. Cornetta. He will look into the matter, and you will receive a further response.

Respectfully,

Samuel E. Zoll
Chief Justice
District Court

SEZ:nf
cc:  Honorable Robert A. Cornetta

Exhibit 2

## COMMONWEALTH OF MASSACHUSETTS
### Trial Court of the Commonwealth
### District Court Department

Honorable Robert A. Cornetta,
*Regional Administrative Justice*

Paul Q. O'Donnell, Jr.,
*Regional Administrator*

SAMUEL E. ZOLL, *Chief Justice*

Regional Administrative Office, Region II
Administrative Office of the District Court
Two Center Plaza - Suite 200
Boston, Massachusetts 02108
TEL: 617-788-8810   FAX: 617-788-8985
TTY: 617-788-8809

September 29, 2003

Ms. Oak Hee Ruesch
315 Weston Road #A3
Wellesley, MA 02482

re: Your September 18, 2003 correspondence to Chief Justice Zoll

Dear Ms. Ruesch:

This correspondence is a follow up to Chief Justice Zoll's letter to you of September 22, 2003 in response to your September 18, 2003 information package forwarded to the Chief Justice.

Your case file materials have been reviewed and they indicate that on December 6, 2002 the trial justice in your case (docket number 0254 SU 0583) appointed a guardian ad litem in this matter and that further, your interests have been represented by legal counsel from the offices of South Middlesex Legal Services. In appointing the guardian the court has made written findings of fact.

There is nothing contained in the materials to suggest the need of any administrative intervention in this matter by this office. In addition, it appears that your interests and rights in this matter are each being properly and adequately represented by the court appointed guardian as well as by assigned legal counsel.

Accordingly, I regret that there is no further remedy this office can afford in your case. It is recommended that you consult regarding these matters with your court appointed guardian and/or the attorneys representing you from South Middlesex Legal Services as to any questions or concerns you may have regarding your rights and responsibilities in this matter.

Sincerely,

Robert A. Cornetta,
Regional Administrative Justice

cc: Chief Justice Zoll

Exhibit 3

## Oak-Hee Ruesch

**315 Weston Road, Apt. A-3**

| Date | Repayment Agreement | Rent | Fees | Payments | Rent / Fees Total | Repayment Total | Total Owed |
|---|---|---|---|---|---|---|---|
| 9/29/2000 | | | | | -$145.00 | $0.00 | -$145.00 |
| 10/1/2000 | | $121.00 | | | -$24.00 | $0.00 | -$24.00 |
| 11/1/2000 | | $121.00 | | | $97.00 | $0.00 | $97.00 |
| 12/1/2000 | | $121.00 | | | $218.00 | $0.00 | $218.00 |
| 1/1/2001 | | $121.00 | | | $339.00 | $0.00 | $339.00 |
| 2/1/2001 | | $121.00 | | | $460.00 | $0.00 | $460.00 |
| 3/1/2001 | | $121.00 | | | $581.00 | $0.00 | $581.00 |
| 3/9/2001 | | | | $460.00 | $121.00 | $0.00 | $121.00 |
| 4/1/2001 | | $184.00 | | | $305.00 | $0.00 | $305.00 |
| 5/1/2001 | | $184.00 | | | $489.00 | $0.00 | $489.00 |
| 5/24/2001 | | | $19.95 | | $508.95 | $0.00 | $508.95 |
| 6/1/2001 | | | $110.00 | | $618.95 | $0.00 | $618.95 |
| 6/1/2001 | | $184.00 | | | $802.95 | $0.00 | $802.95 |
| 7/1/2001 | | $184.00 | | | $986.95 | $0.00 | $986.95 |
| 8/1/2001 | | $184.00 | | | $1,170.95 | $0.00 | $1,170.95 |
| 8/9/2001 | | | | $1,066.00 | $104.95 | $0.00 | $104.95 |
| 9/1/2001 | | $118.00 | | | $222.95 | $0.00 | $222.95 |
| 10/1/2001 | | $118.00 | | | $340.95 | $0.00 | $340.95 |
| 11/1/2001 | | $118.00 | | | $458.95 | $0.00 | $458.95 |
| 12/1/2001 | | $118.00 | | | $576.95 | $0.00 | $576.95 |
| 1/1/2002 | | $118.00 | | | $694.95 | $0.00 | $694.95 |
| 2/1/2002 | | $118.00 | | | $812.95 | $0.00 | $812.95 |
| 3/1/2002 | | $118.00 | | | $930.95 | $0.00 | $930.95 |
| 4/1/2002 | | $118.00 | | | $1,048.95 | $0.00 | $1,048.95 |
| 5/1/2002 | | $118.00 | | | $1,166.95 | $0.00 | $1,166.95 |
| 5/28/2002 | | | $20.00 | | $1,186.95 | $0.00 | $1,186.95 |
| 5/28/2002 | | | $110.00 | | $1,296.95 | $0.00 | $1,296.95 |
| 6/1/2002 | | $118.00 | | | $1,414.95 | $0.00 | $1,414.95 |
| 7/1/2002 | | $118.00 | | | $1,532.95 | $0.00 | $1,532.95 |
| 8/1/2002 | | $118.00 | | | $1,650.95 | $0.00 | $1,650.95 |
| 9/1/2002 | | $118.00 | | | $1,768.95 | $0.00 | $1,768.95 |
| 10/1/2002 | | $118.00 | | | $1,886.95 | $0.00 | $1,886.95 |
| 11/1/2002 | | $118.00 | | | $2,004.95 | $0.00 | $2,004.95 |
| 12/1/2002 | | $118.00 | | | $2,122.95 | $0.00 | $2,122.95 |
| 1/1/2003 | | $118.00 | | | $2,240.95 | $0.00 | $2,240.95 |
| 2/1/2003 | | $118.00 | | | $2,358.95 | $0.00 | $2,358.95 |
| 2/5/2003 | | | | $236.00 | $2,122.95 | $0.00 | $2,122.95 |
| 3/1/2003 | | $118.00 | | | $2,240.95 | $0.00 | $2,240.95 |
| 3/19/2003 | | | | $118.00 | $2,122.95 | $0.00 | $2,122.95 |
| 4/1/2003 | | $118.00 | | | $2,240.95 | $0.00 | $2,240.95 |
| 4/8/2003 | | | | $118.00 | $2,122.95 | $0.00 | $2,122.95 |
| 5/1/2003 | | $118.00 | | | $2,240.95 | $0.00 | $2,240.95 |
| 6/1/2003 | | $118.00 | | | $2,358.95 | $0.00 | $2,358.95 |
| 7/1/2003 | | $118.00 | | | $2,476.95 | $0.00 | $2,476.95 |
| 7/14/2003 | | | | $118.00 | $2,358.95 | $0.00 | $2,358.95 |

Exhibit 4

# Oak-Hee Ruesch

### 315 Weston Road, Apt. A-3

| Date | Repayment Agreement | Rent | Fees | Payments | Rent / Fees Total | Repayment Total | Total Owed |
|---|---|---|---|---|---|---|---|
| 8/1/2003 | | $118.00 | | | $2,476.95 | $0.00 | $2,476.95 |
| 8/13/2003 | | | | $118.00 | $2,358.95 | $0.00 | $2,358.95 |
| 9/1/2003 | | $118.00 | | | $2,476.95 | $0.00 | $2,476.95 |
| 9/15/2003 | | | | $118.00 | $2,358.95 | $0.00 | $2,358.95 |
| 10/1/2003 | | $194.00 | | | $2,552.95 | $0.00 | $2,552.95 |
| 10/6/2003 | | | | $118.00 | $2,434.95 | $0.00 | $2,434.95 |
| 11/1/2003 | | $194.00 | | | $2,628.95 | $0.00 | $2,628.95 |
| 11/6/2003 | | | | $118.00 | $2,510.95 | $0.00 | $2,510.95 |
| 12/1/2003 | | $194.00 | | | $2,704.95 | $0.00 | $2,704.95 |
| 12/5/2003 | | | | $118.00 | $2,586.95 | $0.00 | $2,586.95 |
| 1/1/2004 | | $194.00 | | | $2,780.95 | $0.00 | $2,780.95 |
| 1/7/2004 | | | | $118.00 | $2,662.95 | $0.00 | $2,662.95 |
| 2/1/2004 | | $194.00 | | | $2,856.95 | $0.00 | $2,856.95 |
| 2/2/2004 | | | $30.00 | | $2,886.95 | $0.00 | $2,886.95 |
| 2/5/2004 | | | | $118.00 | $2,768.95 | $0.00 | $2,768.95 |
| 3/1/2004 | | $194.00 | | | $2,962.95 | $0.00 | $2,962.95 |
| 3/8/2004 | | | | $118.00 | $2,844.95 | $0.00 | $2,844.95 |
| 3/17/2004 | | | $25.00 | | $2,869.95 | $0.00 | $2,869.95 |
| 3/17/2004 | | | $25.00 | | $2,894.95 | $0.00 | $2,894.95 |
| 3/17/2004 | | | $25.00 | | $2,919.95 | $0.00 | $2,919.95 |
| 3/17/2004 | | | $25.00 | | $2,944.95 | $0.00 | $2,944.95 |
| 3/17/2004 | | | $25.00 | | $2,969.95 | $0.00 | $2,969.95 |

**Total Owed as of March 17, 2004:** $2,969.95

Exibit 5

# Trial Court Of The Commonwealth

District Court Department
Dedham Division
631 High Street
Dedham, Massachusetts 02026



*Norfolk, ss.*                                        Civil Action No. **0254SU0583**

**Wellesley Housing Authority**
*Plaintiff(s)*

                                              **Summary Process**
                                              **Judgment**
VS.                                           *Rule 58*

**Oak Hee Ruesch**
*Defendant(s)*

Upon trial, it has been ORDERED and ADJUDGED by the court, **Alch, J.**,

That the Plaintiff, Wellesley Housing Authority

recover of the Defendant, Oak Hee Ruesch

possession of the premises located at 315 Weston Rd. Apt. #A-3, Wellesley, MA. 02492

With damages in the amount of **$1,532.95**

and costs in the amount of  $131.00

**Execution For Possession to Issue on October 31, 2002.**

_____
Asst. Clerk/Magistrate

<u>7-19-02</u>
*(Date)*

Judgment entered on docket on 7/19/02 pursuant to Rules 58(a) and 79(a) and a copy thereof sent to the parties immediately, as notice pursuant Rule 77(d).

This form prescribed by the Chief Justice of The District Courts

Exhibit 5

UO-246 (2)

| **Trial Court of Massachusetts** <br> **District Court Department** | DATE FILED <br> 5-28-02 | TIME STANDARDS TRIAL REQUEST DEADLINE | DOCKET NUMBER <br> 02-54-SU-0583 |
|---|---|---|---|
| | PLAINTIFF <br> Wellesley Housing Authority | | DEFENDANT <br> Oak Hee Ruesch <br> 315 Weston Rd. <br> Apt #A-3, <br> Wellesley, MA. 02492 |
| Dedham District Court <br> 631 High Street <br> P.O. Box 109 <br> Dedham, Ma. 02026 | PLAINTIFF ATTORNEY <br> James A. Goodhue, Esq. <br> Grindle, Robinson & Goodhue <br> 40 Grove Street-Suite 190 <br> Wellesley, MA. 02182-7720 | | DEFENDANT ATTORNEY |

MONEY DAMAGE ACTION (TIME STANDARDS)
☐ Remand   ☐ District Court Filing   ☐ SUMMARY PROCESS   VICTIM ☐ VIOLENT CRIME   ☐ OTHER CIVIL

# EXECUTION

**TO THE SHERIFFS OF THE SEVERAL COUNTIES** of the Commonwealth or their Deputies, or any Constable of any City or Town within the Commonwealth:

Whereas the above named plaintiff recovered judgment against the defendant, entered on the date and in the amount shown below,

WE COMMAND you therefore, that of the property, personal and real, lands and tenements, of the said judgment debtor, found within the territorial limits of your jurisdiction as provided by law, and consistent with any other jurisdictional limits so provided, you cause to be paid and satisfied unto the said judgment creditor, at the value thereof, in money, the aforesaid sums, with interest thereon from the date of this writ to the date of payment of the said judgment, and thereof also to satisfy yourself for your own fees.

HEREOF fail not, and make return of this writ, with your doings thereon or attached thereto into the Clerk-Magistrate's office of our said Court, at the address set forth above, within twenty years after the date of the said judgment, or within ten days after this writ has been satisfied or discharged.

| FIRST JUSTICE <br> WITNESS Gerald Alch | DATE OF ISSUE <br> 8-31-02 | CLERK-MAGISTRATE <br> X [signature] |
|---|---|---|
| OFFICER'S RETURN <br> Fees _____ <br> _____ <br> _____ <br> _____ <br> TOTAL FEES _____ | DATE OF SERVICE: <br> 10/28/02 | A true copy <br> Attest: <br> [signature] <br> Constable of Wellesley <br> SIGNATURE |

| DATE OF ENTRY OF JUDGMENT <br> 7-19-02 | ☐ CIVIL | ☒ SUMMARY PROCESS |
|---|---|---|

☒ Judgment for ___Plaintiff___.

☒ $1,532.95 damages, plus $ -0- prejudgment interest and $ 131.00 costs
    plus $ -0- interest from date of judgment entry to date of execution

☒ Possession 315 Weston Rd. Apt #A-3, Wellesley, MA. 02492   Execution For Possession
    Expires on 1-31-03

JUDGMENT TOTAL $1,532.95
EXECUTION TOTAL $1,663.95

☐ Judgment on defendant's counterclaim for _____
☐ $ _____ damages, plus $ _____ prejudgment interest and $ _____ costs
    plus $ _____ interest from date of judgment entry to

Exhibit C

| | | |
|---|---|---|
| **Trial Court of Massachusetts**<br>**District Court Department** | DATE FILED<br>5-28-02 | TIME STANDARDS TRIAL REQUEST DEADLINE | DOCKET NUMBER<br>02-54-SU-0583 |
| | PLAINTIFF<br>Wellesley Housing Authority | DEFENDANT<br>Oak Hee Ruesch<br>315 Weston Rd.<br>Apt #A-3,<br>Wellesley, MA. 02492 |
| Dedham District Court<br>631 High Street<br>P.O. Box 109<br>Dedham, Ma. 02026 | PLAINTIFF ATTORNEY<br>James A. Goodhue, Esq.<br>Grindle, Robinson & Goodhue<br>40 Grove Street-Suite 190<br>Wellesley, MA. 02182-7720 | DEFENDANT ATTORNEY |

MONEY DAMAGE ACTION (TIME STANDARDS)
☐ Remand  ☐ District Court Filing   ☐ SUMMARY PROCESS   ☐ VICTIM VIOLENT CRIME   ☐ OTHER CIVIL

## DOCKET ENTRIES

| NO. | DATE | |
|---|---|---|
| 1. | | Complaint filed   ☐ Statement of damages filed (if applicable) |
| 2. | | |
| | 8-31-02 | Execution for Possession & Damages Issued |

DATE OF ENTRY OF JUDGMENT
7-19-02   ☐ CIVIL   ☒ SUMMARY PROCESS

☒ Judgment for __Plaintiff__

☒ $__1,532.95__ damages, plus $__-0-__ prejudgment interest and $__131.00__ costs
plus $__-0-__ interest from date of judgment entry to date of execution

☒ Possession 315 Weston Rd. Apt #A-3, Wellesley, MA. 02492   Execution For Possession Expires on 1-31-03

JUDGMENT TOTAL $1,532.95
EXECUTION TOTAL $1,663.95

☐ Judgment on defendant's counterclaim for _____
☐ $_____ damages, plus $_____ prejudgment interest and $_____ costs
plus $_____ interest from date of judgment entry to date of execution

COUNTERCLAIM JUDGMENT TOTAL $_____
COUNTERCLAIM EXECUTION TOTAL

Exhibit 9

## GRINDLE, ROBINSON & GOODHUE
ATTORNEYS AT LAW
40 GROVE STREET • SUITE 190
WELLESLEY, MASSACHUSETTS 02482-7720

ALBERT S. ROBINSON
STEVEN H. GRINDLE
JAMES A. GOODHUE

TELEPHONE
(781) 235-3300

TELECOPIER
(781) 235-8090

January 9, 2003

*VIA FACSIMILE and FIRST CLASS MAIL*

Deborah A'Vant, Investigator
Massachusetts Commission Against Discrimination
One Ashburton Place
Boston, MA 02108

Re:   Oak-Hee Ruesch v. Wellesley Housing Authority
      MCAD Docket Number: 02BPH04067
      HUD Number: 01-03-0087-8

Dear Ms. A'Vant:

Please be advised that this firm represents the Respondent, Wellesley Housing Authority (hereinafter "the Housing Authority") in connection with the above referenced matter.

Pursuant to your letter of December 12, 2002, the Housing Authority's Position Statement is as follows:

At no time did the Housing Authority Discriminate against Oak-Hee Ruesch ("Ruesch") on the basis of her disability or for any other reason. In fact, this is not the first time that Reusch has filed a Complaint against the Housing Authority for the same alleged violations. As set forth in a letter from the Housing Authority to Victor Posada, Fair Housing Coordinator of MCAD, dated July 25, 2000, and the Housing Authority's Position Statement in MCAD Case No. 00152026, copies of which are collectively annexed hereto as Exhibit "A" and incorporated herein by reference, Reusch filed a substantially identical claim against the Housing Authority after she had been evicted from her previous apartment by her landlord for non-payment of rent. After that claim was resolved, the Housing Authority offered her a completely renovated apartment in the Housing Authority's elderly complex, which she inspected and then accepted.

Accordingly, it is the Housing Authority's position that Ruesch is estopped from maintaining the present claim, and that it is barred under the doctrine of res judicata.

In addition, with regard to Ruesch's allegations concerning the Housing Authority's failure to make appropriate rent adjustments, the Housing Authority has always redetermined Reusch's rent in accordance with the Commonwealth of Massachusetts, Mass. Rental Voucher Program Rules and Regulations.

Exhibit 8

Deborah A'Vant, Investigator
January 9, 2003
Page Two

Moreover, Ruesch has never paid her rent since moving into her current apartment. The Housing Authority thus brought a summary process action against her for non-payment of rent, and after a trial on July 18, 2002, the Dedham District Court entered judgment for the Housing Authority for possession and damages of $1,633.95. A copy of the July 19, 2002 Judgment is annexed hereto as Exhibit "B". As a result of this Judgment, the Housing Authority also contends the Ruesch is now a tenant at sufferance, and thus does not have standing to maintain the present claim of discrimination.

In addition, Ruesch subsequently brought a Motion for Stay of Execution, which was heard in the Dedham District Court on October 31, 2002. At that time Judge Connolly questioned Ruesch's competency, and ordered her to be evaluated by the court psychologist, Frederick W. Kelso, Ph.D. At a subsequent hearing on December 6, 2002, Judge Connolly ruled, in part based upon Dr. Kelso's findings, that Ruesch is incompetent, and ordered that a guardian ad litem be appointed for her. A copy of Judge Connolly's Findings on Issue of Competency and Appointment of Guardian ad Litem Pursuant to G.L. c. 201, Section 34 is annexed hereto as Exhibit "C".

Thus, not only does the Housing Authority deny that it has discriminated against Ruesch, but it again contends that Ruesch has not established a physical handicap or disability. Any disability suffered by Ruesch is psychological, rather than environmental. Based upon resolution of Ruesch's prior MCAD complaint and the timing of her present complaint, one can only conclude that this action was initiated by Ruesch in retaliation for the Housing Authority's attempt to evict her for non-payment of rent.

Kindly contact me at your earliest convenience to further discuss this matter in the hopes of resolving it expediently.

Sincerely,

James A. Goodhue

cc: Louis M. Malerba, Jr., Executive Director, Wellesley Housing Authority
Oaklee Ruesch

JAG/ttm/file#WHA-117
asr\WellHousing\MCAD\D'Avant.ltr

Exhibit P

*1/12/99*
*I met Mr. ~~Ruesch~~*
*at my apt*
*and told me to give*
*them $100.00, so I did*

*Called 7/26/99*

*7/26/99*

# Trial Court of The Commonwealth
### District Court Department
### Dedham Division

Norfolk, ss

FIC Management Inc.
The Ardmore at Wellesley
vs.
Oak-Hee Ruesch

Civil Action No 99 54 CV 1072

## Summary Process Judgment
### (Rule 58)

Upon Trial,

(It has been ORDERED and ADJUDGED by the court, Connolly, J.
(it is recorded by the clerk without court order,)            (Judge)

That the Plaintiff,    FIC Management Inc.
recover of the
Defendant,   Oak-Hee Ruesch rent in  the sum of $ 627.00    Plus $50.00 late fee
and costs of $155.00 Total $832.00.

Defendant, Oak-Hee Ruesch to pay use and occupancy of premises at 4 Cedar St., Apt. #302, Wellesley, MA. 02181, in the amount of $209.00 per month.

Execution stayed for 90 days.

_____
Deputy Assistant Clerk

Judgment entered on docket on      Date                   July 9, 1999
pursuant to Rules 58(a) and 79(a) and a copy thereof sent to the parties immediately, as
notice pursuant to Rule 77(d).

*Received 8/5/99*

# APPLEBAUM & APPLEBAUM
## CONSTABLES

POST OFFICE BOX 213
RANDOLPH, MASSACHUSETTS 02368
(617) 963-6758
(617) 575-9383

24 HR. PAGE SERVICE
NOTARY PUBLIC

DEDHAM DIV

TO: Oak-Hee Ruesch
4 Cedar St #302
Wellesley MA 02481

Date: 9/11/99

Pursuant to M.G.L. Chap. 357, S.2, by virtue of Execution No. 9954 CV 1072 issued by the Dedham District Court Court.

**𝔜𝔬𝔲 𝔞𝔯𝔢 𝔥𝔢𝔯𝔢𝔟𝔶 𝔫𝔬𝔱𝔦𝔣𝔦𝔢𝔡** that on the Wednesday 15th day of September 19 99, at 2:30 A.M./P.M. I will serve and/or levy upon said Execution and physically remove the defendant(s) and his or her personal property from the said premises if the said defendant has not prior to that time vacated the said premises voluntarily.

Constable

Suffolk County Storage Inc
10 Farnham St
Roxbury MA

Jerrald M Vengrow
CONSTABLE/WELLESLEY MA

A TRUE COPY
ATTEST: Robert Applebaum
CONSTABLE


(Exhibit 10)
(P14)

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss

DISTRICT COURT DEPT.
OF THE TRIAL COURT
DEDHAM DIVISION
DOCKET NO: 9954-CV-1072

FIC MANAGEMENT, INC.     )
                         )      MEMORANDUM OF DECISION
VS.                      )
                         )
OAK-HEE RUESCH           )
                         )

      The Petitioner, Oak Hee Ruesch, appeared ex parte before the court on October 14, 1999, seeking to reopen the previously adjudicated Summary Judgment matter. After hearing the motion was denied. Petitioner was provided with information regarding referral to possible appropriate social services.

By the Court,

Lynda M. Connolly, J.
Justice
October 15, 1999

C::mydocs\SP the ArdmoreOak Hee Reusch.wpd 10/15/99

RECEIVED
FEB ? ? 2001

-1-

Exhibit 11
(2-6)