UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OAK-HEE RUESCH, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-11166-NG |
| | ) |
| JAMES A. GOODHUE | ) |
| and JOSEPH GRAY, | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

BACKGROUND

On May 26, 2004, plaintiff Oak-hee Ruesch, a resident in a Wellesley public housing building, filed an application to proceed in forma pauperis and a complaint naming defendants Joseph Gray and James Goodhue, employees and counsel to the Wellesley Housing Authority ("WHA") as defendants.

Ruesch appears to challenge events that led to the initiation of eviction proceedings against her in Dedham District Court by WHA in 1999 and again in 2002. Plaintiff's opposition to the 2002 proceedings eventually resulted in a judicial determination that she was incompetent, the appointment of a guardian ad litem for Ruesch, a stay of eviction, and the appointment of a payee to receive Ruesch's Social Security disability benefits and to pay any arrearages owed to WHA. See Docket No. 6 (Dec. 6, 2002) Order from Dedham District Court); Docket No. 7 (Mar. 19, 2003 Order from Dedham District Court).

Plaintiff has brought at least three other previous actions in this Court stemming from the events leading to her 1999 and 2002 eviction proceedings in Dedham District Court. Ruesch v. Dillon, et al., C.A. No. 00-12163-NG (complaint alleged facts concerning 1999 eviction proceedings; dismissed under § 1915), aff'd, No. 01-1281 (1st Cir. Feb. 27, 2001). Ruesch v. Wellesley Hous. Auth., C.A. No. 02-12382-NG (granting defendants' motion to dismiss based on res judicata); Ruesch v. Malerba, et al., C.A. No. 03-12036-NG (dismissing under § 1915 based on res judicata).

<u>ANALYSIS</u>

I.  The Court May Screen this Action

Because plaintiff seeks to file her complaint without prepayment of the filing fee, summonses have not issued in order to allow the Court to review the complaint to determine whether it satisfies the requirements of the federal in forma pauperis statute. See 28 U.S.C. § 1915. Section 1915 of title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting former § 1915(d)), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against

a defendant who is immune from such relief.  See 28 U.S.C. §
1915(e)(2).  In forma pauperis complaints may be dismissed sua
sponte and without notice under Section 1915 if the claim is
based on an indisputably meritless legal theory or factual
allegations that are clearly baseless.  Id.; Denton v.
Hernandez, 504 U.S. 25, 32-33 (1992) (interpreting former §
1915(d)).

    A.   Plaintiff's Claims Are Subject to Dismissal

    To the extent that plaintiff's complaint is based on the
events surrounding her 1999 and 2002 eviction proceedings, it
is essentially a re-packaging of claims that have been
previously, and repeatedly, rejected.  Thus, the complaint is
subject to dismissal based on res judicata.  Havercombe v.
Dep't of Educ., 250 F.3d 1, 3 (1st Cir. 2001) (citation
omitted) (a final judgment on the merits of an action
precludes the parties or their privies from re-litigating
issues that were or could have been raised in that action);
accord Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1165
(1st Cir. 1991) (same);Daluz v. Dep't of Corr., 434 Mass. 40,
45, 746 N.E.2d 501, 505 (2001) (same).

    Further, to the extent that plaintiff seeks to have this
Court review prior proceedings in and decisions by the Dedham
District Court, or to have this Court intervene in pending

3

proceedings in that Court, her complaint also is subject to dismissal.  See, e.g., Hill v. Town of Conway, 193 F.3d 33, 34 (1st Cir. 1999) (citation omitted) (lower federal courts are without subject-matter jurisdiction to sit in direct review of state court decisions pursuant to the Rooker-Feldman doctrine); Mandel v. Town of Orleans, 326 F.3d 267, (1st Cir. 2003) (Rooker-Feldman doctrine precludes a lower federal court from entertaining a proceeding to reverse or modify a state-court judgment or decree to which the assailant is a party); Dickerson v. Leavitt Rentals, 995 F. Supp. 1242, 1246-1247 (D. Kan. 1998) (dismissing claims based on state eviction proceeding under Rooker-Feldman); 28 U.S.C. § 2283 (federal court may not grant an injunction to stay proceedings in a state court unless one of three narrowly-defined exceptions are met); Garcia v. Bauza-Salas, 862 F.2d 905, 907 (1st Cir. 1988) (§ 2283 acts as an absolute prohibition against enjoining state court proceedings unless the injunction falls within one of three listed exceptions).

II.  The Motion For Review By A Different Judge

Sections 144[1] and 455[2] of title 28 govern motions for the

---

[1]Section 144 provides:

> Whoever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of an adverse party, such judge shall proceed no further therein, but another

4

disqualification of a judge and are construed <u>in pari materia</u>.
<u>U.S. v. Kelley</u>, 712 F.2d 884, 889 (1st Cir. 1983) (test of the
legal sufficiency of a motion for disqualification is the same
under both sections).  A motion for recusal is decided in the
first instance by the judicial officer whose recusal is sought.  <u>See</u>
<u>In re Martinez-Catala</u>, 129 F.3d 213, 219 (1st Cir. 1997) (§ 455);
<u>U.S. v. Giorgi</u>, 840 F.2d 1022, 1034-1035 (1st Cir. 1988) (§ 144).

A litigant has no right to have a particular judge hear his
case.  <u>Cf.</u> <u>Hampton v. City of Chicago</u>, 643 F.2d 478, 479 (7th Cir.
1981) (plaintiffs have a right to have claims heard by the district
court, but have no protectable interest in the continued exercise of
jurisdiction by a particular judge).  Even overlooking the defects in

---

judge shall be assigned such a case.

28 U.S.C. § 144.

[2]Section 455 provides, in pertinent part:

(a) Any justice, judge, or magistrate of
the United States shall disqualify himself
in any proceeding in which his impartiality
might reasonably be questioned.

(b) He shall also disqualify himself in the
following circumstances:

(1) Where he has a personal bias or
prejudice concerning a party, or personal
knowledge of disputed evidentiary facts
concerning the proceeding;

28 U.S.C. § 455.

form of plaintiff's motion,[3] it still must be denied because
plaintiff's alleged grounds for recusal are based entirely upon her
disagreement with the decisions of this Court and she has thus not
stated a sufficient basis for recusal.  <u>Liteky v. United States</u>,
510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost
never constitute a valid basis for a bias or partiality
motion.... Almost invariably, they are proper grounds for
appeal, not for recusal."); <u>accord</u> <u>Obert v. Republic Western
Ins. Co.</u>, 190 F. Supp. 2d 279, 295 (D. R.I. 2002) (party's
disagreement with the judge over the law is not grounds for
disqualification) (citations omitted).  Thus, plaintiff's motion
will be denied.

    III.  <u>The Motion to Appoint Counsel Is Denied</u>

    In order to qualify for appointment of counsel, a party
must be indigent and exceptional circumstances must exist such
that the denial of counsel will result in fundamental
unfairness impinging on the party's due process rights.
<u>DesRosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991) (citations
omitted).  To determine whether there are exceptional

---

[3]As a preliminary matter, to the extent that Ruesch brings this
motion under Section 144, it may be denied because she has failed to
file an affidavit with her motion.  A motion for recusal under
Section 144 must be accompanied by a sworn affidavit subject
to the criminal provisions of 18 U.S.C. § 1623 (False
declarations before a Court).  The affidavit must "state the
facts and the reasons for the belief that bias or prejudice
exists."  28 U.S.C. § 144.

circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  <u>Id.</u> at 24 (citations omitted).

This case does not present exceptional circumstances warranting the appointment of counsel.  I conclude that plaintiff's chances of success are minimal because this action appears ripe for dismissal, the legal issues are not beyond a layman's comprehension, and plaintiff is able to adequately represent herself.  <u>See id.</u>  Thus, plaintiff's request for appointment of counsel will be denied.  <u>Id.</u>

IV.  <u>The Motion For A Restraining Order</u>

In her motion for a restraining order, plaintiff requests that this Court be "fair" to her and states that at least two of her former doctors have obtained restraining orders against her.  She appears to seek the issuance of a restraining order against these doctors.

As an initial matter, plaintiff's request for injunctive relief fails because neither of these doctors are named as defendants in this action and because she has not certified her efforts to notify these persons of this motion, a requirement of minimum due process. <u>Thompson v. Ramirez</u>, 597 F. Supp. 726, 726 (D. P.R. 1984) (denying temporary restraining order, in part, where there had been no

certification to court in writing, of the efforts, if any, of
notification to adverse parties).  Further, for the reasons
stated above in Section I, I find that plaintiff has not
demonstrated a sufficient likelihood of success on the merits
to warrant injunctive relief.  See, e.g., Weaver v. Henderson,
984 F.2d 11, 12 (1st Cir. 1993) (a party who is unable to
convince the trial court that they will probably succeed on
the merits is not eligible for interim injunctive relief); New
Comm Wireless Servs., Inc. v. Sprintcom, Inc., 287 F.3d 1, 13 (1st
Cir. 2002) (request for injunctive relief may be denied for failing
to demonstrate a likelihood of success standing alone).

        V.  The Motion to Submit A Document

        Plaintiff seeks to file a copy of a March 19, 2003
decision by Judge Connolly, and I grant that motion to the
extent that this document is filed as an exhibit to
plaintiff's complaint.

        VI.  Litigants Who Abuse The Processes
             of the Court May Be Enjoined or Sanctioned

        As discussed above, the instant complaint constitutes the
fourth time that plaintiff has sought to litigate issues surrounding
her 1999 and 2002 evictions in this Court.  Ruesch is advised that
any future attempts to file claims based on these same events could
result in the issuance of an order preventing her from filing
additional actions based on these events in this Court absent leave

of Court.  Elbery v. Louison, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir. Dec. 17, 1999) (per curiam) (citing Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993)) (district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation); Castro v. United States, 775 F.2d 399, 408 (1st Cir. 1985) (per curiam) ("[I]n extreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties, an injunction barring a party from filing and processing frivolous and vexatious lawsuits may be appropriate."); accord Gordon v. United States Dep't of Justice, 558 F.2d 618, 618 (1st Cir. 1977) (per curiam) (same); Pavilonis v. King, 626 F.2d 1075, 1078 (1st Cir. 1980) (same).

Future filings based on these same events could also result in monetary sanctions pursuant to this Court's inherent powers or under this Court's authority under Federal Rule of Civil Procedure 11.  See Chambers v. Nasco, Inc., 501 U.S. 32, 46-50 (1991) (district court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton or oppressive behavior); accord United States v. Kouri-Perez, 187 F.3d 1, 6-8 (1st Cir. 1999) (same); John's Insulation, Inc. v. L. Addison & Assocs., 156 F.3d 101, 109 (1st Cir. 1998) (same);

9

Fed. R. Civ. P. 11(b)(1), (2) (court may impose sanctions on an unrepresented party if he or she submits a pleading for an improper purpose or if the claims within it are frivolous or malicious); <u>Eagle Eye Fishing Corp. v. Dep't of Commerce</u>, 20 F.3d 503, 506 (1st Cir. 1994) (pro se parties, like all parties and counsel, are required to comply with the Federal Rules of Civil Procedure); <u>Pronav Charter II, Inc. v. Nolan</u>, 206 F. Supp. 2d 46, 53 (D. Mass. 2002) (Rule 11 applies to pro se litigants) (citation omitted).

<u>CONCLUSION</u>

ACCORDINGLY, plaintiff's motions for (1) review by a different judge (Docket No. 2); (2) appointment of counsel (Docket No. 3) and a (3) temporary restraining order (Docket No. 4) are DENIED.  Plaintiff's motion to submit a document (Docket No. 7) is GRANTED, and this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this  21  day of  June  , 2004.


 s/ Nancy Gertner
NANCY GERTNER
UNITED STATES DISTRICT JUDGE


10